UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS SALISBURY )<br>)<br>  Plaintiff )<br>)<br>vs. )<br>)<br>PREMIER RECOVERY GROUP, INC )<br>)<br>  Defendant )<br>) | Case Number:<br><br>CIVIL COMPLAINT |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Marcus Salisbury, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Marcus Salisbury, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a primary location in this district.

### III. PARTIES

4. Plaintiff, Marcus Salisbury, (hereafter, Plaintiff) is an adult natural person residing in Saline, MI. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Premier Recovery Group, Inc., (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting consumer debt with a primary address located at 395 East Ferry Street, Buffalo, NY 14208.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Beginning on or about November 15, 2011 Plaintiff started receiving calls from Defendant to his home, personal cell phone and work phone.

8. Plaintiff is said to owe a consumer debt allegedly due on a "payday" loan of approximately $200.00.

9. Plaintiff is constantly receiving calls from Defendant agent, "Mrs. Blackwell."

10. Defendant, a collection agency, has threatened Plaintiff with a lawsuit in the amount $600.00 along with an additional $3,000.00 in court cost and $1,000.00 in attorney fees.

11. Plaintiff has asked multiple times for validation of this alleged consumer debt since he has no recollection of this said consumer debt.

12. Defendant's agent "Mrs. Blackwell" informed the Plaintiff that he did not need to send Plaintiff anything regarding this consumer debt and she would see him in court.

13. Defendant's agent has told the Plaintiff to stop putting this off that he knows he owes this consumer debt and he is going to be sued for not paying.

14. Despite the Plaintiff's plea for the Defendant to stop calling his work, they continue to do so which has caused him to be reprimanded.

15. Plaintiff continues to receive several automated calls a day to his work.

16. Defendant failed to send the Plaintiff a thirty (30) validation notice within five (5) days of their initial communication.

17. The overwhelming amount of the calls from the Defendant has caused problems for the Plaintiff at his work.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communications |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |

| | | |
|---|---|---|
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Premier Recovery Group, Inc., for the following:

a. Actual damages;g

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, PC**

Date: January 7, 2013

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff